UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GETHMUS LAVENDER, ) | |
| ) | |
| Plaintiff, ) | Case No. 15-cv-9122 |
| v. ) | |
| ) | Judge John W. Darrah |
| THE COUNTY OF COOK, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Gethmus Lavender filed a Complaint against Defendant County of Cook for employment discrimination and wrongful termination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* On January 28, 2016, Plaintiff filed a Motion to Strike Defendant's Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12(f). For the reasons set forth below, Plaintiff's Motion to Strike [8] is denied.

## **BACKGROUND**

Plaintiff was an employee of John Stroger Hospital of Cook County ("Stroger"). Stroger is operated by Defendant. (Dkt. 1 ¶¶ 3.1, 3.2.) Plaintiff was hired as an Administrator for Stroger on or about September 8, 1994. (*Id*. ¶ 4.1.) Plaintiff's job responsibilities included handling U.S. Equal Employment Opportunity Commission ("EEOC") cases against Stroger, employee discipline, handling grievances, policy interpretation, employee and union investigations, employee supervision, contract negotiations, and conflict resolution. (*Id.* ¶ 4.2.) Plaintiff alleges that several Stroger employees engaged in a pattern of discrimination against him due to his race that created a hostile work environment. (*Id*. ¶ 4.3.) Plaintiff was terminated from his position at Stroger on or about December 23, 2014. (*Id*. ¶ 4.4.9.) Plaintiff filed a

Complaint on October 15, 2015, alleging that Defendant engaged in racial discrimination and retaliation against him. (*Id*. ¶ 2.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court may strike an insufficient defense "or any redundant, immaterial, impertinent, or scandalous matter." Affirmative defenses must comply with Federal Rule of Civil Procedure 8 and provide a "short and plain statement" of the basis for the defense. Fed. R. Civ. P. 12(f); Fed. R. Civ. P. 8. "Courts apply a three-part test in examining the sufficiency of affirmative defenses under Rule 12(f): (1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge." *Rudzinski v. Metro. Life Ins. Co.*, No. 05 C 0474, 2007 WL 2973830, at \*1 (N.D.Ill. Oct. 4, 2007) (citing *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc*., 213 F.R.D. 307, 308 (N.D.Ill. 2003)). If any of these three requirements are not met, the affirmative defense shall be stricken. *Rudzinski*, 2007 WL 2973830 at \*1. Affirmative defenses are stricken only when they are deficient on the face of the pleadings; motions to strike affirmative defenses are generally disfavored. *Williams v. Jader Fuel Co., Inc.,* 944 F.2d 1388, 1400 (7th Cir.1991).

## ANALYSIS

Plaintiff objects to all of Defendant's affirmative defenses, stating that they fail to meet the standards of Federal Rule of Civil Procedure 12(f), they "merely recite labels without pleading any facts," and they should all be stricken. (Dkt. 8 at 1.) Plaintiff cites to the holding in *Shield Techs. Corp. v. Paradigm Positioning, LLC*, No. 11 C 6183, 2012 WL 4120440 (N.D. Ill.

2

Sept. 19, 2012) in his request that all of Defendant's affirmative defenses should be stricken, but provides no further argument to support his claim. The defendants in *Shield* merely listed counterclaims with no additional information suggesting why they believed the defenses are applicable. Here, Defendant's theory that Plaintiff failed to properly exhaust prerequisites prior to filing this action and that his claims are time barred are readily ascertainable.[1]

In reviewing Defendant's affirmative defenses, it is apparent they have met the basic requirements of Rule 8, and their defenses would withstand a Rule 12(b)(6) challenge. "[I]f it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient." *Davis v. Elite Mortgage Services, Inc.*, 592 F.Supp.2d 1052, 1058 (N.D.Ill. 2009) (citations and quotations omitted). Defendant's affirmative defenses are sufficient, and it is possible for Defendant to prove a set of facts that would support each of the affirmative defenses alleged. Thus, Plaintiff's Motion to Strike Defendant's Affirmative Defenses is denied.

---

[1] In the alternative, Plaintiff argues that Defendant's fourth and fifth affirmative defenses should be stricken according to the holding in *Shield*. Defendant's fifth affirmative defense states, "[p]laintiff has failed to state a cause of action upon which relief can be granted." While it has been held that failure to state a claim is not a "true affirmative defense," several courts in the Northern District of Illinois have also declined to strike such a defense because "the pleader is usually given the benefit of the doubt when setting forth a purported affirmative defense." *See Shield*, 2012 WL 4120440 at *10; *Sayad v. Dura Pharm., Inc.*, 200 F.R.D. 419, 423 (N.D. Ill. 2001); *but see Wylie v. For Eyes Optical Co.,* No. 11 CV 1786, 2011 WL 5515524, *2 (N.D.Ill. Nov. 10, 2011); *Sanwa Bus. Credit Corp. v. Harris*, No. 91 C 0204, 1991 WL 156116, at *1 (N.D. Ill. Aug. 6, 1991). This reasoning is persuasive.

Defendant's fourth affirmative defense states, "[d]efendant's conduct was reasonable and not contrary to any established law. Plaintiff's argument regarding this defense is unpersuasive. The holding in *Shield* is inapposite and Plaintiff provides no other argument in support of his claim.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Strike [8] is denied.

Date: April 13, 2016

JOHN W. DARRAH
United States District Court Judge

4